IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIELDTURF USA, INC., et al., | : | |
|    Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SPECIALITY SURFACES | : | NO. 06-CV-2515 |
| INTERNATIONAL, INC., et al., | : | |
|    Defendants. | : | |

## ORDER

AND NOW, this 7th day of September 2006, upon consideration of Defendants' Motion to Dismiss and for Costs and to Stay Proceedings Pursuant to Rule 41(d) (Doc. No. 7), Plaintiffs' Amended Complaint (Doc. No. 9, 18), Plaintiffs' Opposition (Doc. No. 10), Defendants' Reply (Doc. No. 11) and Plaintiffs' Sur-Reply (Doc. No. 16), it is hereby ORDERED that Defendants' Motion for Costs and to Stay Proceedings is DENIED. It is further ORDERED that Defendants' Motion to Dismiss is DENIED as moot.

On March 16, 2006, FieldTurf USA, Inc. and FieldTurf, Inc. (collectively "FieldTurf") initiated a lawsuit in the Court of Common Pleas for Philadelphia County against Specialty Surfaces International, Inc. d/b/a Sprinturf, Inc. ("Sprinturf") by Writ of Summons. Simultaneously, FieldTurf filed an Emergency Motion for Expedited Discovery, seeking a copy of a lab report that Sprinturf had referenced in a Press Release.[1] See Pls' Opp. at 2. On March

---

[1] The Press Release stated that independent lab testing demonstrated that a sand infill for synthetic turf had 50,000 times the bacterial count that an all rubber infill had. See Am. Compl., Ex. A.

29, 2006, the state court ordered Sprinturf to produce the report. See id., Ex. B.  Sprinturf produced a copy of the report on March 31, 2006. See Am. Compl. ¶ 39.  On April 25, 2006, plaintiffs filed a complaint against Sprinturf, alleging state common law claims for unfair competition, product disparagement and defamation. See Defs' Mot, Ex. A.

Plaintiffs allege that, after they received the report from Sprinturf, they received a copy of the report from an independent source; however, the two reports differed. See Am. Compl. ¶¶ 59, 62-66.  On May 24, 2006, after an evidentiary hearing, the state court found that Sprinturf had willfully violated the court's order to produce the report. See Pls' Opp., Ex. B.

On June 13, 2006, FieldTurf voluntarily dismissed the state court action. See Defs' Mot, Ex. B.  The same day, plaintiffs commenced the instant action, alleging the same common law claims they had previously alleged, as well as claims for tortious interference with prospective contractual relations and violations of the Lanham Act, 11 U.S.C. § 1125, et seq.[2]  On July 12, 2006, defendants filed the instant Motion to Dismiss and for Costs and to Stay Proceedings Pursuant to Rule 41(d).  Since the parties agree that the filing of Plaintiffs' Amended Complaint rendered Defendants' Motion to Dismiss moot, see Pls' Opp. at 1 n.1; Defs' Reply at 1 n.1, this Court will address Defendants' Motion for Costs and to Stay Proceedings Pursuant to Rule 41(d).

Sprinturf argues that plaintiffs should be ordered to pay for the reasonable attorney's fees and expenses it incurred in relation to the state court complaint.[3]  Defs' Memo. at 3, 15-16.  In

---

[2] In addition, plaintiffs added Henry Julicher as a defendant.

[3] Since Defendant Julicher was not a party to the state proceedings, he does not participate in the request for costs, rather the request for costs is made by Defendant Sprinturf alone. See Defs' Reply at 2 n.2.  Sprinturf seeks $8,921 in fees and costs. Defs' Memo. at 16.  These costs are "only those related to reviewing the Complaint and drafting the Preliminary

addition, Sprinturf contends that this action should be stayed until plaintiffs have made full payment. Id. Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

As evident from the language of the rule, the decision whether to stay an action and impose costs is within the discretion of the court. Rule 41(d) is intended to serves as a deterrent to forum shopping and vexatious litigation.[4] See Duffy v. Ford Motor Co., 218 F.3d 623, 633 (6th Cir. 2000); Simeone v. First Bank National Association, 971 F.2d 103, 108 (8th Cir. 1992); see also 8 James Wm. Moore et al., Moore's Federal Practice § 41.70[1]; Andrew Meyer Designs, LLC v. Hassan, No. 06-1095, 2006 U.S. Dist. LEXIS 54217, at *9 (E.D. Pa. Aug. 4, 2006) (quoting United Transportation Union v. Maine Central Railroad Co., 107 F.R.D. 391, 392 (D. Me. 1985)); Larsen v. Senate of the Commonwealth, 955 F Supp. 1549, 1582 (M.D. Pa. 1997).

Based on the circumstances present in this case, this Court finds that an award of costs is not warranted.[5] As a result, Defendants' Motion for Costs and to Stay Proceedings is denied.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.

---

Objections" in the state court litigation. Defs' Reply at 5 n.5.

[4] A showing of bad faith is not required. See Fed. R. Civ. P. 41(d); see also Esquivel v. Arau, 913 F Supp. 1382, 1388 (C.D. Cal. 1996).

[5] Because this Court concludes that an award of costs is not warranted, it does not consider whether Rule 41(d) permits the recovery of attorney's fees.